**IT IS ORDERED as set forth below:**



**Date: February 4, 2021**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | **CASE NUMBERS** |
| DEON DORSEY JONES, | : | BANKRUPTCY CASE |
|  | : | 20-67595-LRC |
| Debtor. | : |  |
| _____ | : |  |
| DEON DORSEY JONES | : | ADVERSARY PROCEEDING |
|  | : | NO. 20-06274-LRC |
| Plaintiff, | : |  |
| v. | : |  |
| SPMK XV MEADOWS, LLC | : |  |
| D/B/A THE MEADOWS APARTMENTS, | : | IN PROCEEDINGS UNDER |
|  | : | CHAPTER 13 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

### ORDER

Before the Court is the *Motion to Dismiss Plaintiff's Complaint* (the "Motion"), filed by SPMK XV Meadows, LLC D/B/A The Meadows Apartments ("Defendant").

The Motion arises in connection with a complaint (hereinafter the "Complaint") filed by Deon Dorsey Jones ("Plaintiff"). The Complaint asserts that Defendant engaged in bankruptcy fraud in violation of 28 U.S.C. § 157 and 11 U.S.C. § 523(a)(2) in connection with the filing of a motion for relief from the automatic stay. The Complaint also asserts that this Court is required to investigate, prosecute, and incarcerate Lelaine Pritchard,[1] her attorney, and Plaintiff's attorney, none of whom are named defendants in this suit.

## PROCEDURAL HISTORY

Plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on June 26, 2020 (the "Petition Date").[2] *See* Case No. 20-67595 (Bankr. N.D. Ga.), Dkt. No. 1 (the "Bankruptcy Case"). On August 27, 2020, Defendant filed a motion for relief from the automatic stay regarding an apartment leased by Plaintiff (the "Premises"). Dkt. No. 18 (the "Motion for Relief"). Through his attorney, Plaintiff entered a consent order on the Motion for Relief with Defendant. Dkt. No. 24 (the "Consent Order"). The

---

[1] Plaintiff appears to refer to this same individual throughout the Complaint, but by various names, including Loraine Pritchard, Lolaine Pritchard, and Lalaine Pritchard. The Court assumes that these references are all to the Lannie Pritchard who executed an affidavit in support of Defendant's default motion for relief from the automatic stay. The Court also notes, however, that Defendant identified this individual as Lanie Pritchard in the Motion.

[2] The Court takes "judicial notice of the dockets and the content of the documents filed in the case[s] for the purpose of ascertaining the timing and status of events in the case[s] and facts not reasonably in dispute" and may do so without converting this motion to dismiss into a motion for summary judgment. *In re Ferguson*, 376 B.R. 109, 113 n.4 (Bankr. E.D. Pa. 2007), as amended (Oct. 25, 2007) (citing Fed. R. Evid. 201); *In re Hart*, No. 13-20039-TLM, 2013 WL 693013, at *1 n.2 (Bankr. D. Idaho Feb. 26, 2013) ("Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of its own dockets."); *Thomas v. Alcon Labs.*, 116 F. Supp.3d 1361 (N.D. Ga. 2013) (citing *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 807 (11th Cir. 2009)). The Court considers the Default Motion and the Affidavit notwithstanding Plaintiff's failure to attach them to the Complaint and may properly do so because these documents are referred to in the Complaint, they are "central to the [C]omplaint," and "no party questions their authenticity." *Madura v. Bank of Am., N.A.*, 767 F. App'x 868, 870 (11th Cir. 2019).

2

Consent Order conditionally denied the Motion for Relief.  Plaintiff agreed in the Consent Order to cure "the post-petition arrearage [on the lease] in the total amount of $1,487.00 (comprising of all rent and other monthly fees due for September 2020 to be tendered in certified funds no later than September 20, 2020 by 5:00 PM.)" and to tender all future payments ($1,357.00 per month) "directly to the leasing office of The Meadows Apartments," on a strict compliance basis.

Pursuant to the Consent Order, if the Plaintiff defaulted on the payment to cure the September arrearage ($1,487) or on rent payments for future months, Defendant would be permitted to file a "delinquency motion" and affidavit in support of the delinquency after giving Plaintiff notice of his default and an opportunity to cure.  On October 26, 2020, Defendant filed such a motion.  Dkt. No. 27 (the "Default Motion").  In the Default Motion, Defendant alleged that Plaintiff failed to pay rent for September and October in the total amount of $2,794.  The Default Motion acknowledges that Plaintiff attempted to pay the September rent on October 6, 2020, without tendering the October rent payment.  Attached to the Default Motion is an affidavit signed by Lannie Pritchard, the Community Manger for The Meadows Apartments and an employee of Henssler Property Management (the "Affidavit").  Default Motion, p. 9, ¶ 2.  The Affidavit states that Plaintiff failed to pay his "September, 2020 rent on or about September 20, 2020, as agreed upon in" the Consent Order.  *Id*. p. 10, ¶ 4.  Again, the Affidavit acknowledges

3

that Plaintiff attempted to pay September rent on October 6, 2020, without tendering the October payment.  *Id*. ¶ 5.  The Affidavit states that Plaintiff came into the leasing office to do so.  *Id*.

The Court entered an order granting the Default Motion and lifting the automatic stay on November 12, 2020.  Dkt. No. 29.  On December 16, 2020, confirmation of Plaintiff's Chapter 13 plan was denied, and the Bankruptcy Case was dismissed.  Dkt. No. 35.

On December 8, 2020, Plaintiff filed the Complaint, which, liberally construed, asserts that Defendant's agent submitted a false affidavit in furtherance of obtaining relief from the automatic stay.  On January 8, 2021, Defendant filed the Motion seeking dismissal under Rule 7012 of the Federal Rules of Bankruptcy Procedure and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff has not responded to the Motion, which indicates that Plaintiff does not oppose the Motion.  *See* BLR 7007-1(c).

### CONCLUSIONS OF LAW

To the extent that Plaintiff seeks redress for Defendant's alleged fraud on the Court, the Complaint fails to state a claim upon which relief may be granted and will be dismissed under Rule 12(b)(6).[3]  Under Rule 12(b)(6), the Court may dismiss a complaint

---

[3] As to the asserted violations of 28 U.S.C. § 152 by Pritchard, Defendant's attorney, and Plaintiff's attorney, the Complaint fails to state a claim, over which the Court would have subject matter jurisdiction, even if Plaintiff had named those individuals as defendants herein.  *See Carpenter v. Young*, 2004 WL 1858353, at *4 (E.D. Pa. Aug. 3,

4

if it fails "to state a claim upon which relief can be granted."  *See* FED. R. CIV. P. 12(b)(6) (made applicable to this proceeding by FED. R. BANKR. P. 7012(b)).  When considering whether to dismiss a complaint under Rule 12(b)(6), the Court must accept as true all factual allegations set forth in the complaint and, on the basis of those facts, determine whether the plaintiff is entitled to the relief requested.  The Court must also draw all reasonable inferences in the light most favorable to the non-moving party.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007); *Daewoo Motor America, Inc. v. General Motors Corp.*, 459 F.3d 1249, 1271 (11th Cir. 2007); *Hill v. White* 321 F.3d 1334, 1335 (11th Cir. 2003); *Grossman v. Nationsbank, Nat'l Ass'n*, 225 F.3d 1228, 1231 (11th Cir. 2000); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  Legal conclusions, labels, and unsupportable assertions, however, are not entitled to a presumption of truth.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Consequently, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Plaintiff apparently seeks relief on the basis that Pritchard executed a false affidavit and that Defendant's counsel knowingly filed the Motion for Relief and the

---

2004) ("Because plaintiff has brought suit citing criminal statutes that do not give rise to private causes of action, he has failed to state a claim upon which relief can be granted."); *see also Almond v. Bank of New York Mellon*, 2018 WL 4846002, at *2 (N.D. Ga. July 20, 2018) ("But even if the Complaint could fairly be read as attempting to assert claims under 18 U.S.C. §§ 152 and 1001 against Defendant, those claims cannot give this Court original jurisdiction because there is no private right of action under either statute.").

Affidavit to obtain relief to which Defendant was not entitled. The Court recognizes that "fraud on the court" may be "an independent cause of action." *In re Canty*, 2010 WL 1880710, at *4 (Bankr. N.D. Ala. May 7, 2010); *but see Shirokov v. Dunlap, Grubb & Weaver, PLLC*, 2012 WL 1065578, at *30 (D. Mass. Mar. 27, 2012) ("[F]raud on the court is not a recognized independent cause of action in the First Circuit."). Nonetheless, Plaintiff does not specifically request a remedy, such as the setting aside of the order granting the Default Motion or any damages arising from the alleged fraud.

More importantly, as Defendant points out, the factual allegations in the Complaint do not support Plaintiff's legal assertion that Defendant committed fraud on the Court. "Fraud on the court has five elements: (1) conduct of an officer of the court; (2) that is directed to the judicial machinery itself; (3) that is intentionally false, willfully blind to the truth, or in reckless disregard of the truth; (4) that is a positive averment or concealment when one is under a duty to disclose; and (5) that deceives the court." *In re Brannan*, 485 B.R. 443, 453 (Bankr. S.D. Ala. 2013) (citing *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009)).

Plaintiff contends in the Complaint that the Affidavit contains two false statements—that he came into the leasing office on October 8, 2020, and that he tendered only the September payment. Yet the Complaint also states that, upon return of his attempted tender on October 3, 2020, Plaintiff redeposited the funds into his checking

6

account and those funds consisted of two money orders for $500 each and a money order for $387.24, which total only $1,387.24. This amount is less than the amount required to cure the September arrearage and, therefore, could not have been tender for more than one month's rent. Therefore, the Default Motion and the Affidavit agree in all material respects with Plaintiff's version of the facts. The only "false statement" pled is that Pritchard stated that Plaintiff came into the leasing office to attempt to pay his rent on October 6, 2020, and Plaintiff contends that he left the payment at the leasing office after hours on October 1, 2020. Even assuming, as the Court must on a motion to dismiss, that this statement was false and knowingly made, such conduct does not rise to the level of "egregious misconduct—such as an 'unconscionable plan or scheme' to influence the court's decision—that constitutes fraud on the court." *DeBose v. USF Bd. of Trustees*, 2021 WL 212272, at *2 (11th Cir. Jan. 21, 2021).

## CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED**;

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED** pursuant to Rule 12(b)(6).

### END OF DOCUMENT

**Distribution List**

**Lureece D. Lewis**
Fowler, Hein, Cheatwood & Williams
Suite 220
2970 Clairmont Road
Atlanta, GA 30329

**J. Mike Williams**
Fowler Hein Cheatwood & Williams, P.A.
Suite 220 Park Central
2970 Clairmont Road
Atlanta, GA 30329

**Deon Dorsey Jones**
2571 Forester Ct
Lithia Springs, GA 30122